1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

JOHN LEROY CLEMONS,

Plaintiff,

v.

DON ANDERSON, et al.,

Defendants.

Case No. 15-cv-02966-NJV

**ORDER ON MOTIONS TO DISMISS**

Re: Dkt. Nos. 24, 25

Plaintiff, John Leroy Clemons, proceeding *pro se*, filed a Complaint against multitudinous Defendants. On September 23, 2015, Plaintiff filed a Motion to Amend/Correct the Complaint (Doc. 17). The court granted that Motion, giving Plaintiff until on or before October 21, 2015 to file an amended complaint. *See* Order of Oct. 1, 2015 (Doc. 19). On October 13, 2015, Plaintiff filed a Motion to Withdraw the Motion to Amend. (Doc. 20). On November 6, 2015, Defendants Tim Celli, Craig Clausen, Officer Cooke, Tim Hobbs, Officer Lenze, Denise Losoloust, Officer Parson, Joan Philippe, and Officer Thompson filed a Motion to Dismiss (Doc. 24) alleging that the "Complaint is incomprehensible and the limited facts which are discernable do not give rise to a Civil Rights violation." Defs.' Mot. (Doc. 24) at 7. On the same date, Defendants Anderson and Flynn filed a Motion to Dismiss (Doc. 25) seeking dismissal: (1) on the basis that they are entitled to prosecutorial immunity; (2) on the basis that they are entitled to Eleventh Amendment Immunity; and (3) because the Compliant fails to allege any misconduct on behalf of either of these two defendants within the applicable two-year statute of limitations. *See* Defs.' Mot. (Doc. 25)

For the reasons that follow, the court will grant the first Motion to Dismiss (Doc. 24), with

United States District Court
Northern District of California

1  leave to amend and deny the second Motion to Dismiss (Doc. 25) as moot.

2  **LEGAL STANDARD**

3  The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

4  Procedure is to test the legal sufficiency of the claims stated in the complaint.  A motion to dismiss

5  may be brought under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can

6  be granted.

7  A complaint must contain a "short and plain statement of the claim showing that the

8  pleader is entitled to relief." Fed. R. Civ. P. 8(a).  While Rule 8 "does not require 'detailed

9  factual allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state

10  a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,

11  1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955,

12  1955 (2007)).  Facial plausibility is established "when the plaintiff pleads factual content that

13  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

14  alleged." *Id*.  Thus, in order to survive a motion to dismiss, the nonmoving party must allege facts

15  that are "enough to raise a right to above the speculative level . . . on the assumption that all the

16  allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

17  Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the

18  lack of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept*.,

19  901 F.2d 696, 699 (9th Cir. 1990).  In considering whether the complaint is sufficient to state a

20  claim, the court will take all material allegations as true and construe them in the light most

21  favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

22  **DISCUSSION**

23  The Compliant is not a model of clarity.  There are facts contained within the facts section

24  of the Complaint that do not relate to the claims section of the Complaint.  The "Claims" section

25  of the Complaint identifies the claims only as "1-3" and then attempts to set forth the claims as a

26  series of paragraphs without identifying when one claim ends and another begins.  There is no

27  clear separation of the claims and determining which facts pertain to which claim is impossible.

28  This has led Defendants to attempt to piece together the claims, using the paragraphs contained

United States District Court
Northern District of California

1  within the claims section and relating them back to the facts section and then guessing as to what

2  the contours of each claim may be and under what legal theory they may have been brought.

3          In addition, from the outset of this case, the court has been concerned that the requests

4  within the Compliant run afoul of the Younger Abstention doctrine.  "In *Younger v. Harris*, the

5  Supreme Court reaffirmed the long-standing principle that federal courts sitting in equity cannot,

6  absent exceptional circumstances, enjoin pending state criminal proceedings." *ReadyLink*

7  *Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014).  The concern for the

8  court has been that the Complaint seeks the court's intervention in ongoing state court criminal

9  proceedings.

10          Plaintiff is currently in jail apparently awaiting criminal prosecution.  *See* Ex Parte

11  Application (Doc. 11).  Parts of the Complaint allege an illegal search and seizure of Plaintiff's

12  residence and or property.  Reviewing the Complaint, it appears that these allegations may be

13  related to Plaintiff's current detention.  Accordingly, and out of an abundance of caution, the court

14  inquired of Plaintiff at the status conference of September 29, 2015, as to whether his current

15  detention was related to the allegations in the Complaint.  Plaintiff stated that they were.

16          Further evidencing that the Younger Abstention should be applied in this case, is

17  Plaintiff's Motion to Intervene.  Mot. (Doc. 29).  In the Motion Plaintiff specifically asks that this

18  court intervene into Plaintiff's current criminal proceedings, including asking the court to "quash"

19  the current charges.  *See* (Doc. 29).  The Motion also references an illegal search and seizure,

20  including allegations of a failure by police officers to provide Plaintiff a copy of the search

21  warrant at the time it was served.  Those facts mirror the allegations in the Complaint.

22          It is clear then, as conceded by Plaintiff, that the Complaint seeks this court's interference

23  with the state court's ongoing criminal proceedings and as such, those claims must be dismissed

24  pursuant to the Younger Abstention doctrine.  However, because all of the claims within the

25  complaint are inseparably intertwined, the court is unable to simply excise the offending claims

26  from the Complaint.  Instead, the court must dismiss the entire Complaint, with leave to amend.

27          Plaintiff is cautioned however, that the court will not and cannot entertain amended claims

28  that relate to his current pending criminal charges.  Only after the filing of an amended complaint

can the court fully address the defenses of the two-year statute of limitations and the assertions of immunity raised by Defendants Anderson and Flynn.

Accordingly, it is ORDERED as follows:

(1) the Motion to Dismiss (Doc. 24) is GRANTED.  The Complaint is dismissed with leave to amend;

(2) Plaintiff shall, **on or before January 21, 2016**, file an amended complaint.

(3) the Motion to Dismiss (Doc. 25) filed by Defendants Anderson and Flynn is DENIED as Moot;

(4) the Motion to Intervene (Doc. 29) is DENIED.

Plaintiff is warned that the failure to timely file an amended complaint in accordance with this Order will result in the dismissal of this action.


**IT IS SO ORDERED**.

Dated: January 4, 2016

_____

NANDOR J. VADAS
United States Magistrate Judge

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEROY CLEMONS,<br><br>         Plaintiff,<br><br>    v.<br><br>DON ANDERSON, et al.,<br><br>         Defendants. | Case No.  15-cv-02966-NJV<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 29, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Leroy Clemons ID: #41687
4913 Helbush Dr.
Lakeport, CA 95453

Dated: January 4, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Robert Illman, Law Clerk to the
Honorable NANDOR J. VADAS

5